IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Scott S.,

Plaintiff,

v.

Frank Bisignano, Commissioner of Social Security,

Defendant.

Case No. 2:25-cv-507
Judge James L. Graham
Magistrate Judge S. Courter M. Shimeall

Opinion and Order

Plaintiff Scott S. filed an application for Disability Insurance Benefits on November 17, 2022, alleging disability from February 11, 2021 due to a compression fracture of the L3 vertebra. An Administrative Law Judge (ALJ) denied Plaintiff's application in a written decision finding that he was not disabled within the meaning of the Social Security Act. After the Appeals Council denied Plaintiff's request for review, he filed the instant action.

Plaintiff's Statement of Errors was referred to the Magistrate Judge pursuant to 28 U.S.C. §636(b) for a Report and Recommendation, which was issued on July 10, 2026. The Magistrate Judge recommended that the Commissioner of Social Security's decision denying benefits be affirmed. This matter is now before the Court on Plaintiff's objections to the Report and Recommendation.

**I.**

The ALJ conducted a review of the evidence concerning Plaintiff's physical impairments. The ALJ found that Plaintiff has spinal compression fractures, degenerative disc disease, and chronic pain syndrome. The ALJ set forth Plaintiff's residual functional capacity (RFC) as follows:

> [T]hrough the date last insured, [Plaintiff] had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except frequent climbing ramps/stairs, stooping, kneeling, crouching, crawling; occasional climbing ladders/ropes/scaffolds; no exposure to moving mech parts, unprotected heights; no commercial driving; can understand, remember, and carry out simple tasks.

Doc. 7-2 at PAGEID 52.

In light of Plaintiff's impairments, the RFC, and a vocational expert's testimony, the ALJ found that "there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed, such as a housekeeping cleaner, merchandise marker and routing clerk." *Id.* at PAGEID 55–56.

The ALJ thus concluded that Plaintiff was not under a disability, as defined in the Social Security Act, at any time from February 11, 2021, the alleged onset date, through September 30, 2021, the date last insured.

**II.**

Plaintiff asserted a single assignment of error in which he contended that the ALJ's RFC determination was not supported by substantial evidence because the ALJ did not rely upon a medical opinion. In support of his argument, Plaintiff cited *Deskin v. Comm'r of Soc. Sec.*, 605 F.Supp.2d 908, 914 (N.D. Ohio 2008). *Deskin* stands for the proposition that "where the transcript contains only diagnostic evidence and no opinion from a medical source about functional limitations (or only an outdated nonexamining agency opinion), to fulfill the responsibility to develop a complete record, the ALJ must recontact the treating source, order a consultative examination, or have a medical expert testify at the hearing." 605 F. Supp. 2d at 914.

The Magistrate Judge reviewed the substantial body of case law which has rejected or limited *Deskin*. "'This Court and others have strongly criticized the implications of *Deskin* . . . as going beyond what is required of the ALJ under the Social Security regulations and Sixth Circuit precedent.'" Doc. 17 (July 10, 2026 Report & Recommendation) at PAGEID 593 (quoting *Tina R. v. Comm'r of Soc. Sec.*, No. 1:25–CV–00339, 2026 WL 322668, at *8 (S.D. Ohio Feb. 6, 2026)).

The Magistrate Judge noted that even if *Deskin* were to be given some weight, it would be limited. Courts have held that the absence of a medical opinion does not automatically trigger a remand. *Id.* at PAGEID 594 (citing *Lonnie F. v. Comm'r of Soc. Sec.*, No. 2:23-CV-890, 2024 WL 3506946, at *4 (S.D. Ohio July 23, 2024)). Context is key and "'the ALJ retains discretion to impose work-related limitations without a proper source opinion where the medical evidence shows relatively little physical impairment and the ALJ can render a commonsense judgment about functional capacity.'" *Id.* (quoting *Ashley B. v. Comm'r of Soc. Sec.*, No. 1:23-CV-690, 2025 WL 957561, at *2 (S.D. Ohio Mar. 31, 2025)). The fundamental requirement is that the ALJ has "'fully and fairly developed the record through a conscientious probing of all relevant facts.'" *Id.* (quoting *Robert D. v. Comm'r of Soc. Sec.*, No. 3:23-CV-001, 2023 WL 4348871, at *6 (S.D. Ohio July 5, 2023)).

The Magistrate Judge found that the ALJ had fully and fairly developed the record by probing the relevant facts. "In particular, the ALJ discussed Plaintiff's medical history relating to his chronic pain, including imaging and treatment records." *Id.* Those records included an MRI and a CT scan, both showing compression fractures and a disc protrusion in the lumbar spine. The ALJ also reviewed

the medication which Plaintiff took to manage his pain, and considered Plaintiff's testimony, including testimony concerning his physical activity.

The Magistrate Judge cited the ALJ's summary of his findings regarding Plaintiff's physical impairments:

> It appears that the claimant, per his testimony, injured his back in 2019, significantly prior to the alleged onset date. He then sought no treatment during the 2021 period at issue and did not seek treatment until late 2022, when he injured his back hunting. But even then, exams were primarily normal, and he was treated highly conservatively. Neither his treatment seeking, conservative care, objective findings (exam and imaging), or even his activities such as hunting support limitations nearly as severe as alleged. There is also no significant support for his allegations of concentration/balance issues.

*Id.* at PAGEID 595 (quoting Doc. 7-2 at PAGEID 53–54).

The Magistrate Judge rejected Plaintiff's argument that the ALJ was improperly interpreting "raw medical data." The ALJ's review of the imaging records included the medical reports and interpretations of the attending physicians. *See id.* at PAGEID 596–597. The Magistrate Judge noted that the Sixth Circuit has found no error when an ALJ relies on a radiologist's interpretation of x-rays without the further assistance of a medical expert. *See id.* at PAGEID 597 (citing *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 726–27 (6th Cir. 2013)).

In sum, the Magistrate Judge found that the ALJ had properly reviewed the medical evidence and "built an adequate bridge between the evidence and the limitations he adopted in the RFC." *Id.* at PAGEID 596.

## III.

Plaintiff makes three objections to the Report and Recommendation. The Court addresses each in turn below.

### A.

First, Plaintiff objects to what he calls a "lack of finding" from the Magistrate Judge as to whether *Deskin* is good law. Doc. 18 at PAGEID 602. Plaintiff argues that the Magistrate Judge should have clarified whether the holding in *Deskin* applies to this case.

The Court overrules this objection. The Magistrate correctly noted that the factual circumstance presented here – in which the ALJ made an RFC determination without relying on a medical opinion – is the same basic scenario presented in *Deskin*. But the Magistrate Judge also cited case law from the Southern District of Ohio which has declined to grant an automatic remand when the ALJ does not rely on a medical opinion. *See, e.g.*, *Tina R.*, 2026 WL 322668, at *9; *Lonnie F.*, 2024

WL 3506946, at *4. The Court's position is rooted in the applicable regulations and controlling Sixth Circuit precedent, which do not require an ALJ to obtain a medical opinion in every case. *See*, *e.g.*., *Ashley B. v. Comm'r of Soc. Sec.*, No. 1:23-CV-690, 2025 WL 957561, at *2 (S.D. Ohio Mar. 31, 2025). *See also Mokbel-Aljahmi v. Comm'r of Soc. Sec.*, 732 F. App'x 395, 401 (6th Cir. 2018) ("We have previously rejected the argument that a residual functional capacity determination cannot be supported by substantial evidence unless a physician offers an opinion consistent with that of the ALJ."); *Coldiron v. Comm'r of Soc. Sec.*, 391 F. App'x 435, 439 (6th Cir. 2010) ("An ALJ does not improperly assume the role of a medical expert by weighing the medical and non-medical evidence before rendering an RFC finding.").

That *Deskin* is not good law is recognized by the Northern District of Ohio itself. *See*, *e.g.*, *McKinney v. Comm'r of Soc. Sec.*, No. 1:25-CV-02359, 2026 WL 2354892, at ** 12–13 (N.D. Ohio Aug. 14, 2026) (finding *Deskin* to be "inconsistent with Sixth Circuit precedent" and adding that "courts within this District have repeatedly declined to follow this standard"); *Winans v. Comm'r of Soc. Sec.*, No. 5:22-CV-01793, 2023 WL 7622634, at *4 (N.D. Ohio Nov. 15, 2023) ("*Deskin* … conflicts with the regulations and Sixth Circuit case law . . . . By requiring an ALJ to secure a medical opinion whenever the record does not contain such an opinion, subject to only limited exceptions, *Deskin* places a higher burden on the ALJ than the Sixth Circuit does."). As one Northen District case explained, "the language of the regulations and Sixth Circuit authority . . . make clear that the burden to prove his case rests on the claimant, not the ALJ." *Jones v. Comm'r of Soc. Sec.*, No. 1:23-CV-0636, 2024 WL 22081, at *19 (N.D. Ohio Jan. 2, 2024) (citing *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 563 (6th Cir. 2022); *Landsaw v. Sec'y of Health & Hum. Servs.*, 803 F.2d 211, 214 (6th Cir. 1986); 20 C.F.R. § 404.1512(a); 20 C.F.R. § 416.917(a)).

**B.**

Second, Plaintiff objects to what he calls "the Magistrate Judge's implied finding that the ALJ properly developed the record" in the absence of a medical opinion. Doc. 18 at PAGEID 603. Still echoing the rejected holding in *Deskin*, Plaintiff adds that the ALJ should not be allowed to make a lay interpretation of the evidence in reaching an RFC determination.

The Court overrules this objection as well. The Magistrate Judge's finding was explicit, not implied. *See* Doc. 17 at PAGEID 594 (finding that "the ALJ fairly developed the record by probing the relevant facts). And, as described above, the Magistrate Judge thoroughly reviewed and described the record on which the ALJ relied when making the RFC determination. *See id.* at PAGEID 594–597. The record contained medical evidence, including imaging and treatment records, about the

nature of Plaintiff's impairment to his lumbar spine, his pain, and his medication (medical marijuana). The ALJ also considered Plaintiff's testimony about his injury, him not seeking treatment until a later injury occurred (outside the time period at issue), the activities he was able to engage in, and his ability to successfully treat the pain after the later injury.

The Court concurs with the Magistrate Judge that the ALJ fully and fairly developed the record. Given that the medical evidence showed relatively little physical impairment during the limited time period at issue (from February 11, 2021 through September 30, 2021), the ALJ was supported in making a commonsense determination about Plaintiff's RFC: "[no] frequent climbing ramps/stairs, stooping, kneeling, crouching, crawling; occasional climbing ladders/ropes/scaffolds; no exposure to moving mech parts, unprotected heights; no commercial driving." Doc. 7-2 at PAGEID 52. These circumstances did not require the ALJ to obtain a medical opinion.

**C.**

Plaintiff's final objection is that the Magistrate Judge improperly found that the ALJ could "ignore proper development of the record." Doc. 18 at PAGEID 603. In Plaintiff's view, the burden was on the ALJ to demonstrate that Plaintiff's impairments were not disabling.

This objection is without merit. The Magistrate Judge correctly addressed this issue, stating that the ultimate burden of proving an entitlement to benefits lies with Plaintiff. *See* Doc. 17 at PAGEID 598 (citing *Moats*, 42 F.4th at 563; *Lonnie F.*, 2024 WL 3506946, at *6). Only in "extreme circumstances" does an ALJ have a duty to develop the record on a claimant's behalf, and none of those circumstances are present here. *Moats*, 42 F.4th at 563–64 (when 'a claimant is (1) without counsel, (2) incapable of presenting an effective case, and (3) unfamiliar with hearing procedures"). In the administrative proceedings, Plaintiff's counsel "did not request a physical consultative examination before or during the hearing before the ALJ and represented to the ALJ at the hearing that the record was "[c]omplete to the best of [his] knowledge." Doc. 7-2, PAGEID 65.

**IV.**

Accordingly, Plaintiff's objections (Doc. 18) are OVERULED and the Court hereby ADOPTS the Report and Recommendation (Doc. 17). Plaintiff's Statement of Errors is thus overruled and the Commissioner's decision is AFFIRMED.

*s/ James L. Graham*
JAMES L. GRAHAM
United States District Judge

DATE: September 23, 2026